**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL PENNELL,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden;
ATTORNEY GENERAL, STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 98-2297
(D.C. No. CIV-95-1296-MV/RLP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore,

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

Petitioner Daniel Pennell appeals the district court's order adopting the recommendation of the magistrate judge dismissing with prejudice his 28 U.S.C. § 2254 petition for habeas corpus relief. Following our review of petitioner's brief and the record on appeal, [1] we grant petitioner a certificate of probable cause, exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm. [2]

In early 1993, petitioner and his wife were the subjects of an undercover sting operation conducted by the San Juan Sheriff's Narcotics Unit. As a result of this operation, in August 1994, petitioner was convicted of distribution of a controlled substance, found to be a habitual offender, and sentenced to seven years' imprisonment with two years suspended. The New Mexico Court of Appeals affirmed his conviction on direct appeal, and his petition for certiorari to the New Mexico Supreme Court was denied. He then brought this federal habeas

---

[1] Although appellees elected not to file an appellate brief in this matter, our review was not hampered due to the availability of appellees' excellent memorandum answer brief submitted to the district court.

[2] Petitioner filed his petition for writ of habeas corpus on October 30, 1995, well before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, petitioner does not need a certificate of appealability in order to pursue his case in this court. He is, however, subject to the pre-AEDPA requirement of obtaining a certificate of probable cause by making a substantial showing of the denial of a federal right. *See Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983).

-2-

corpus action alleging that he was denied due process at his trial due to three instances of alleged prosecutorial misconduct.

"Habeas relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." *Cummings v. Evans*, 161 F.3d 610, 618 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 1360 (1999); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974). "In making this determination, we consider 'the totality of the circumstances, evaluating the prosecutor's conduct in the context of the whole trial.'" *Id.* (quoting *Jackson v. Shanks*, 143 F.3d 1313, 1322 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998)).

Petitioner's first allegation of misconduct occurred during voir dire. Defense counsel advised the panel that petitioner had two prior felony convictions–one for assaulting a police officer and a second for being a felon in possession of a firearm. When defense counsel asked the panel whether the existence of these prior convictions would affect anyone's ability to believe petitioner's testimony, the prosecutor objected, stating that the prior felony convictions could be used by the panel to determine credibility. Defense counsel moved for a mistrial. The trial court admonished the prosecutor for attempting to instruct the jury on the law, held a meeting of counsel in chambers, denied

counsel's motion for mistrial, and instructed the jury on the correct law for judging the credibility of witnesses.

Next, during direct examination of Officer Rafferty, the police officer involved in the undercover operation which resulted in petitioner's arrest, the prosecutor asked Officer Rafferty in what schedule of controlled substances the drug methamphetamine was listed. Officer Rafferty answered that the drug could be found in schedule III. The prosecutor evidently shook her head at this answer, and Officer Rafferty corrected his answer to schedule II. Defense counsel again moved for a mistrial, alleging that the prosecutor's "coaching" of the witness constituted prejudicial misconduct. The trial court denied the motion. On cross-examination, counsel explored Officer Rafferty's confusion, and the officer satisfactorily explained the reason for the incorrect answer. Defense counsel did not request a curative instruction.

Finally, petitioner alleges prosecutorial misconduct in the questioning of Detective Cheverie, who accompanied Officer Rafferty on the night he purchased the drug from petitioner. On direct examination, the prosecutor asked Detective Cheverie a general question regarding the effect on the sentence received of a second arrest for distribution of drugs. The detective answered that it enhanced the sentence if it was a second offense. Again defense counsel moved for a mistrial.

Petitioner alleges that this exchange left the jury with the incorrect impression that he had a prior drug conviction. The prosecutor explained that her question referred to petitioner's wife who had a prior felony conviction for drugs. She asserted that she was attempting to show that in regard to petitioner's defense that he was "set-up," it would have been more plausible for the police to have targeted his wife due to her prior record and the chance that a more onerous penalty would have been possible. The trial court admonished the prosecutor for pursuing an improper line of questioning. [3]

The district court agreed with the decision of the New Mexico appellate court that the question posed to Detective Cheverie was general, did not refer to any specific person, and therefore, could not be judged to have had a prejudicial effect. Moreover, the district court concluded that petitioner's subsequent testimony would have cleared up any confusion in the minds of the jury as to whether he had a previous drug conviction. Following a bench conference, the court denied counsel's motion for mistrial.

In reviewing claims of prosecutorial misconduct in a direct appeal, "[f]irst, we determine if the conduct was improper. Second, we determine if any improper conduct warrants reversal." *United States v. Gordon*, 173 P.3d 761, 769 (10th

---

[3] Both petitioner and his wife testified. Petitioner testified that he had never been convicted of a prior drug charge, and his wife testified that she had been convicted of one prior drug offense.

Cir. 1999). "Reversal is necessary only if the improper conduct influenced the verdict." *Id.*

Here, the trial court's careful and proper handling of the prosecutor's conduct sufficiently ameliorated any possible prejudice. Therefore, even if the prosecutor's conduct were to be adjudged improper, considering the "'curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case as a whole,'" *id.* (quoting *United States v. Lonedog*, 929 F.2d 568, 572 (10th Cir. 1991) (further quotation omitted), we conclude that none of the conduct complained of, either individually or cumulatively, impermissibly influenced the jury. Therefore, because no conduct of the prosecutor would warrant reversal under the *Gordon* direct appeal standard, *see 173 F.3d at 769,* the petitioner is surely not entitled to relief under *Donnelly's* habeas corpus standard, *see* 416 U.S. at 645.

Petitioner's application for a certificate of probable cause is GRANTED, and the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge